**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JAMES R. THOMPSON, | ) | NO. ED CV 08-609-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER | ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on May 6, 2008, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on June 25, 2008. Plaintiff filed a motion for summary judgment on November 6, 2008.

1  Defendant filed a motion for summary judgment on January 13, 2009.  The
2  Court has taken both motions under submission without oral argument.
3  See L.R. 7-15; "Order," filed May 8, 2008.

5              **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

7      Plaintiff asserts disability based on alleged physical
8  impairments (Administrative Record ("A.R.") 366-70).  The Administrative
9  Law Judge ("ALJ") found Plaintiff disabled from February 20, 2002
10  through January 20, 2006, but not thereafter (A.R. 15-25).  The Appeals
11  Council denied review (A.R. 5-8).

13      In a report dated May 17, 2007, Plaintiff's treating physician
14  opined: "I agree with [Plaintiff's] prior physicians that his condition
15  is permanent and stationary and has not changed since his last
16  evaluation by Dr. Rahman [on January 24, 2002]" (A.R. 361).  The ALJ
17  interpreted the treating physician's report "to mean that [Plaintiff]
18  was still 'permanent and stationary,' rather than the severity of his
19  condition had not decreased since January 24, 2002 . . ." (A.R. 21).
20  The ALJ also stated, alternatively, that if the treating physician
21  "meant to infer that [Plaintiff's] overall medical condition had not
22  improved since January 24, 2002, the undersigned observes that this
23  contention would be strongly contradicted by the medical record, as
24  documented above" (A.R. 21).

26      Plaintiff contends, inter alia, that the treating physician's May
27  17, 2007 opinion meant not merely that Plaintiff's condition was
28  permanent and stationary, but also that the severity of Plaintiff's

condition had not changed between 2002 and 2007. Plaintiff also contends that the ALJ failed to state sufficient reasons for rejecting this purported opinion regarding the continuing nature of Plaintiff's condition.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See <u>Swanson v. Secretary</u>, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

A treating physician's opinions "must be given substantial weight." <u>Embrey v. Bowen</u>, 849 F.2d 418, 422 (9th Cir. 1988); <u>see Rodriquez v. Bowen</u>, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . . This is especially true when the opinion is that of a treating physician") (citation omitted). Even where the treating physician's opinions are contradicted,[1] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." <u>Winans v. Bowen</u>, 853 F.2d 643, 647

---

[1]    Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996); <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1454 (9th Cir. 1984).

(9th Cir. 1987) (citation, quotations and brackets omitted); see
Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating
physician's opinion, but only by setting forth specific, legitimate
reasons for doing so, and this decision must itself be based on
substantial evidence") (citation and quotations omitted); McAllister v.
Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons
for rejecting the treating physician's opinions do not suffice).

Section 404.1512(e) of 20 C.F.R. provides that the Administration
"will seek additional evidence or clarification from your medical source
when the report from your medical source contains a conflict or
ambiguity that must be resolved, the report does not contain all of the
necessary information, or does not appear to be based on medically
acceptable clinical and laboratory diagnostic techniques." See Smolen
v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he
needed to know the basis of Dr. Hoeflich's opinions in order to evaluate
them, he had a duty to conduct an appropriate inquiry, for example, by
subpoenaing the physicians or submitting further questions to them.  He
could also have continued the hearing to augment the record") (citations
omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)
("the ALJ has a special duty to fully and fairly develop the record and
to assure that the claimant's interests are considered").

In the present case, the ALJ erred by interpreting the treating
physician's arguably ambiguous report without first attempting to
recontact the physician for clarification.  See Webb v. Barnhart, 433
F.3d 683, 687 (9th Cir. 2005) ("[t]he ALJ's duty to supplement a
claimant's record is triggered by ambiguous evidence"); Tonapetyan v.

4

Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) ("[a]mbiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence,[2] triggers the ALJ's duty to conduct an appropriate inquiry") (citations and quotations omitted); Petty v. Astrue, 550 F. Supp. 2d 1089, 1098 (D. Ariz. 2008) (the ALJ is required to re-contact the treating physician "[t]o the extent that [the treating physician's] report was ambiguous or inconsistent").

The ALJ's alternate statement does not remedy the problem. The ALJ stated, alternatively, that if Plaintiff's interpretation of the treating physician's report were correct, the treating physician's opinion "would be strongly contradicted by the medical record, as documented above." If, however, the ALJ believed that an opinion by the treating physician regarding continuing disability was inadequately supported by "the medical record," again the ALJ should have recontacted the treating physician. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); 20 C.F.R. § 404.1512(e); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Moreover, to state that an opinion of continuing disability "would be strongly contradicted by the medical record, as documented above" does not furnish reasons sufficiently "specific and legitimate," for rejecting the treating physician's purported opinion. See, e.g., Embrey v. Bowen, 849 F.2d at 421 ("To say that the medical opinions are not supported by sufficient objective

---

[2]    In the present case, the ALJ also complained that "one would think [the treating physician] could have managed to tailor an RFC [residual functional capacity] assessment more specifically to Social Security Disability requirements . . ." The ALJ should have recontacted the treating physician to the extent the ALJ deemed the report inadequate to permit proper analysis under social security disability requirements. Id.

findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . .").

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a reversal rather than a remand of the present case. In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman at 1178 (citations and quotations omitted). Assuming, arguendo, the Harman holding survives the Supreme Court's decision in INS v. Ventura, 537

U.S. 12, 16 (2002),[3] the Harman holding does not direct reversal of the present case.   Here, the Administration must recontact the treating physician concerning "outstanding issues that must be resolved before a determination of disability can be made."   Further, it is not clear from the record that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability were the opinions of the treating physician credited.

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   January 15, 2009.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3]   The Ninth Circuit has continued to apply Harman despite INS v. Ventura.   See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

[4]   The Court has not reached any of the other issues briefed by the parties, except insofar as to determine that reversal rather than remand would not be appropriate.